Filed 10/10/13  P. v. Brown CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DIANNE RENEE BROWN,<br><br>    Defendant and Appellant. | D063838<br><br><br><br>(Super. Ct. No. SCD239027) |

APPEAL from a judgment of the Superior Court of San Diego County, Robert F. O'Neill, Judge.  Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Dianne Renee Brown was charged with numerous offenses based on a scheme in which she recorded quit claim and grant deeds on 31 properties.  She then removed realtor signs and lockboxes, rekeyed the locks and rented some of the properties through a fictitious business.  She pleaded guilty to one count of burglary, three counts of filing a false instrument and one count of rent skimming.  Thereafter the court granted Brown probation for three years on various terms and conditions.

In October 2012, the court issued an ex parte order summarily revoking probation on the grounds that Brown failed to report to the probation officer and had failed to report to the work furlough facility.

In January 2013, the court held an evidentiary hearing on the alleged probation violation. After signing the appropriate waiver and being warned of the risks of self-representation, the court permitted Brown to represent herself.

Brown stated that she was told by a clerk that she did not have to report to probation until 72 hours after she was released from work furlough. She also contended that she did not have to go to work furlough as ordered because she had filed a notice of appeal.

Brown also attempted to call the two deputy district attorneys and their investigator to testify at the probation revocation hearing because the prosecution had committed fraud in the prosecution of the case. The trial court denied Brown's request.

At the conclusion of the hearing, the court revoked Brown's probation and sentenced her to a combined sentence of eight years eight months in prison.

In March 2013, the trial judge recalled the prison sentence, reinstated Brown on probation, subject to a number of conditions including 365 days in custody, and extended the term of probation until March 7, 2016.

Brown filed a timely notice of appeal. [1]

---

[1] We have taken judicial notice of the record in case D062802 which was Brown's appeal following her guilty plea and grant of probation. The order granting probation was affirmed in an unpublished opinion filed on August 9, 2013.

2

DISCUSSION

Appellate counsel has filed a brief summarizing, at great length, the facts and proceedings below. Counsel presented no argument for reversal, but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Under *Anders v. California* (1967) 386 U.S. 738 (*Anders*), she listed numerous possible, but not arguable issues. We summarize the lengthy assortment of "possible issues" as follows:

1. Did the trial court properly allow Brown to represent herself at the revocation hearing?

2. Was Brown afforded her trial rights at the revocation hearing?

3. Did the court properly deny Brown's request to call the prosecutors and their investigator to testify at the hearing?

4. Was the evidence sufficient to support the decision to revoke probation?

5. Did the court properly extend the period of probation when it reinstated Brown to probation?

6. Did the court correctly select count 76 as the principal term in the calculation of the suspended prison sentence?

7. Are separate sentences authorized for rent skimming under Civil Code sections 890 and 892?

8. Did the trial court properly impose full term consecutive sentences for the misdemeanor offenses?

9. Was it necessary for the court in imposing the suspended sentences to order that the misdemeanor terms be served (if imposed) in the county jail?

10. Does Penal Code section 654 prevent the court from imposing separate sentences for count 21 (recording a false instrument) and count 76 (rent skimming)?

11. Whether any challenge to the sentence under Penal Code section 654 need to be raised on the present appeal, and if so, is a certificate of probable cause required?

We granted Brown permission to file a brief on her own behalf. She has not responded.

Our review of the record pursuant to *Wende, supra,* 25 Cal.3d 436, including possible issues listed by counsel pursuant to *Anders, supra,* 386 U.S. 738, has not disclosed any reasonably arguable issues on appeal. Competent counsel has represented Brown on this appeal.

DISPOSITION

The judgment is affirmed.

_____

HUFFMAN, Acting P. J.

WE CONCUR:


_____

McDONALD, J.


_____

O'ROURKE, J.

4